UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **CAPITOL INDEMNITY CORP.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:13CV75 SNLJ |
| ) | |
| **LONNA MARCH** and ) | |
| **LONNIE MICHAEL,** ) | |
| ) | |
| **Defendants.** ) | |
| **LONNA MARCH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:13CV142 LMB |
| ) | |
| **LONNIE MICHAEL** and ) | |
| **CAPITOL INDEMNITY CORP.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM

Capitol Indemnity Corporation filed this declaratory judgment action, case no. 1:13CV75, seeking a determination of whether an insurance policy it issued to Lonnie Michael covers a claim made against him by Lonna March, which has since been reduced to judgment in state court. Following entry of the judgment, March filed a petition for equitable garnishment in state court against Michael and Capitol Indemnity. Capitol Indemnity removed that case to this Court alleging diversity jurisdiction, case no. 1:13CV142. This matter is before the Court on Capitol Indemnity's motion to consolidate the cases. Because this Court is granting consolidation, all pending motions in both cases are taken up. March filed a motion to remand in the equitable garnishment case and a motion to stay or dismiss in the declaratory judgment

action. Capitol Indemnity filed a motion to realign the parties and a motion to take the deposition of Michael with regard to his domicile and citizenship in the equitable garnishment case. The motions have been fully briefed and are now ripe for disposition.

I.      **Background**

This matter arises out of injuries sustained by Lonna March on June 17, 2012 from an accident that occurred on a farm owned by her parents, Lonnie Michael and Pam Michael. March made a claim against Lonnie Michael for damages resulting from her injuries. Michael submitted the claim to Capitol Indemnity Corporation seeking coverage under a liability insurance policy issued to "Michael's Discount, Lonnie or Pam Michael d/b/a." Michael and his wife were the owners of Michael's Discount. Capitol Indemnity denied coverage under the policy. On April 4, 2012, March filed a lawsuit against Michael in the Circuit Court of Ripley County, Missouri. Michael tendered defense of the suit to Capitol Indemnity. Capitol Indemnity offered to provide a defense under a reservation of rights, which Michael rejected. On May 21, 2013, Capitol Indemnity filed its declaratory judgment action in this Court.

On August 1, 2013, judgment was entered in favor of March and against Michael in the state court action in the amount of $1,321,947.87 pursuant to the provisions of section 537.065 RSMo. March filed a petition for garnishment against Michael and Capitol Indemnity in the state court action on September 9, 2013 seeking recovery of her judgment. Capitol Indemnity removed that case to this Court alleging diversity jurisdiction.

II.     **Motion to Consolidate**

Federal Rule of Civil Procedure 42 provides for consolidation of cases involving a common question of law or fact. The parties agree that the equitable garnishment action and the declaratory judgment action involve the same parties, the same facts, the same insurance policy,

and the same law. Consolidation is, therefore, proper. *See American States Ins. Co. v. Gates Corp.*, 4:07CV932 RWS, 4:07CV1554 RWS, 2008 WL 163588, at *1 (E.D. Mo. Jan. 17, 2008). March only opposes the motion to consolidate because of her pending motion to remand the equitable garnishment action. This Court will grant the motion to consolidate. Following consolidation, this Court will take up all pending motions in both cases including the motion to remand, the motion to realign, and the motion to take the deposition of Michael with regard to his domicile and citizenship in the equitable garnishment case and the motion to stay or dismiss in the declaratory judgment action.

### III.     Motion to Remand and Related Motions

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987). Because this action has been removed from state court to this Court, the party seeking to invoke diversity jurisdiction is the defendant. "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The party invoking federal jurisdiction bears the burden of showing that all prerequisites to jurisdiction are satisfied. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). Any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007). If the Court determines that it does not have jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c).

"In order for a federal court to have original diversity jurisdiction over an action, the action must be between 'citizens of different states.'" *American States Ins. Co.*, 2008 WL

163588, at *3; 28 U.S.C. § 1332 (a). There must be complete diversity. *Id.* In cases involving multiple plaintiffs and/or multiple defendants, if any one plaintiff and any one defendant are citizens of the same state, there is not complete diversity. Capitol Indemnity concedes that there is not complete diversity under the current party alignment and seeks realignment in order to invoke federal diversity jurisdiction. March is a citizen of Missouri, Michael is a citizen of Missouri, and Capitol Indemnity is a citizen of Wisconsin. Because March and Michael are both citizens of Missouri, there is not complete diversity. Capitol Indemnity seeks to realign Michael with March arguing that their interests are the same (both seeking coverage and payment under the Capitol Indemnity policy).

However, even if Michael is realigned with March, there is an additional hurdle precluding diversity jurisdiction. The equitable garnishment action brought under section 379.200 RSMo is a direct action against an insurer for purposes of 28 U.S.C. § 1332(c)(1). Under federal law, in a direct action against an insurer, the insurer is deemed to be a citizen of the same state as its insured if the insured is not joined as a party-defendant. 28 U.S.C. § 1332(c)(1). As a result, if Michael is realigned as a plaintiff with March, he is not joined as a party-defendant and Capitol Indemnity is deemed to be a citizen of Missouri (the same state as its insured). To avoid this result, Capitol Indemnity seeks realignment such that it is the plaintiff and March and Michael are defendants – the same alignment that exists in the declaratory judgment action.

"The question of realignment, involving jurisdiction, must be tested at the time of filing the complaint." *Universal Underwriters Ins. v. Wagner*, 367 F.2d 866, 871 (8th Cir. 1966); *General Credit Acceptance Co, LLC v. Deaver*, 4:13CV524 ERW, 2013 WL 2420392, at *5 (E.D. Mo. June 3, 2013). The realignment inquiry generally examines whether "parties with the

same ultimate interests in the outcome of the action are on the same side." *General Credit Acceptance Co*, 2013 WL 2420392, at *5 (quoting *JBB Invs. LLC v. Fazoli's Franchising Sys. LLC*, No. 3:08CV00003 SWW, 2008 WL 2568468, at *3 (E.D. Ark. June 25, 2008) (citations and quotations omitted)). "It is the duty of the federal courts to look beyond the pleading and to arrange the parties according to their sides in the dispute." *Universal Underwriters Ins.*, 367 F.2d at 870. "The court must inquire into 'the principal purpose of the suit' and the 'primary and controlling matter in dispute.'" *Id.* The parties are aligned according to the primary purpose of the lawsuit and their respective interests. *General Credit Acceptance Co*, 2013 WL 2420392, at *5.

March's equitable garnishment action seeks satisfaction of her judgment under Michael's policy with Capitol indemnity. Capitol Indemnity's declaratory judgment action seeks a determination that there is no coverage under the policy for March's accident. March's claim against the insurance policy is the principal purpose of the equitable garnishment action and the primary and controlling matter in dispute. Capitol Indemnity would have no reason to raise the coverage issue but for March's claim. To realign the parties in the equitable garnishment action to make Capitol Indemnity the plaintiff would not be in accordance with the primary purpose of the lawsuit. Instead, realignment would only serve the purpose of manufacturing federal jurisdiction. Realignment under those circumstances is not proper. *General Credit Acceptance Co*, 2013 WL 2420392, at *6; *Arrow Financial Services, LLC v. Williams*, 10:3416-CV-S-DW, 2011 WL 9158435, at *3-4 (W.D. Mo. Jan. 20, 2011). The motion for realignment is denied.[1]

In another attempt to support diversity jurisdiction, Capitol Indemnity has requested to take the deposition of Michael with regard to his domicile and citizenship. The petition in the

---

[1] The motion to realign was filed in both the equitable garnishment case and the declaratory judgment action. That motion is only applicable to the equitable garnishment action and, as such, the filing in the declaratory judgment action will be denied as moot.

equitable garnishment action alleged Michael was a citizen of Missouri. Capitol Indemnity alleged that Michael was a citizen of Missouri in its Notice of Removal. Capitol Indemnity now alleges that Michael may have moved to Texas and that on information and belief he has established his domicile in Texas and became a Texas citizen prior to the filing of the equitable garnishment action. Capitol Indemnity bears the burden of showing that all prerequisites to diversity jurisdiction are satisfied. "A removing defendant in a diversity case must be prepared to establish the requisite amount in controversy at the time of removal and is not entitled to a post-removal opportunity to engage in discovery to support the removal." *Reid v. USF Hollard, Inc.*, 4:05CV2009 CAS, 2006 WL 18759, at *2 (E.D. Mo. Jan. 4, 2006). The motion to take the deposition of Michael is denied.

Because there is not complete diversity in the equitable garnishment action, this Court does not have jurisdiction over that matter. This Court will grant the motion to remand that case.

**IV.     Motion to Stay or Dismiss Proceedings**

March has moved to stay or dismiss the declaratory judgment action pending the resolution of the equitable garnishment action following remand to state court. The parties do not dispute that the garnishment action will address the same issue presented to this Court in the declaratory judgment action, whether the policy of insurance issued to "Michael's Discount, Lonnie or Pam Michael d/b/a" provides coverage for Michael because of injury to March that occurred on Michael's farm. Further, both actions are governed solely by state law. Capitol Indemnity opposes the motion and suggests that if its motion to consolidate and motion to realign are granted, then the motion should be denied because all proceedings would be pending in federal court. Capitol Indemnity's only other argument in opposing the motion is that Missouri courts have not ruled on the issues raised in the pending cases.

"A federal court has discretion in determining whether to abstain from hearing a declaratory judgment." *American States Ins. Co.*, 2008 WL 163588, at *4 (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 290 (1995)). It would be "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Wilton*, 515 U.S. at 282 (quoting *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)). "Where a state court is in a better position to adjudicate a state law matter, permitting a federal court action to proceed would be unnecessarily duplicative and uneconomical." *American States Ins. Co.*, 2008 WL 163588, at *5 (quoting *Capitol Indemnity Corp. v. Haverfield*, 218 F.3d 872, 875 (8th Cir. 2000). "[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal court can proceed without risk of a time bar if the state case . . . fails to resolve the matter in controversy." *Royal Indemnity Co. v. Apex Oil Co.*, 511 F.3d 788, 797 (8th Cir. 2008) (quoting *Wilton*, 515 U.S. at 288); *see American States Ins. Co.*, 2008 WL 163588, at *5 (staying declaratory judgment action pending the outcome of state court equitable garnishment case where the garnishment action addressed the exact issue presented in the declaratory judgment action).

This Court finds that the declaratory judgment action should be stayed pending the outcome of the equitable garnishment action that this Court is remanding to state court. Both actions involve the same parties, the same issues, the same insurance policy, and the same arguments. Because the interpretation of insurance policies is governed by state law, Missouri law applies in both actions. *See Capitol Indemnity Corp.*, 218 F.3d at 875. As a result, the state court is in a better position to adjudicate the matter. *Id.*

Finally, March states in her motion that in the alternative to a stay, she does not object to a dismissal without prejudice. March offers no argument or legal basis in support of a dismissal of the case. The motion to dismiss will be denied.

**V.     Conclusion**

Accordingly, in case number 1:13CV75, the motion to consolidate (#17) is granted. The motion for leave to realign parties (#19) is denied as moot. The motion to stay or dismiss proceedings (#11) is granted in part and denied in part. The motion to stay is granted. The Clerk of Court shall administratively close this matter. The parties shall notify the Court of the resolution of the state court equitable garnishment proceeding in a timely manner. Further Court action in this matter will be determined after such notice. The motion to dismiss is denied.

In case number 1:13CV142, the motion to remand (#21) is granted and the case is remanded to the Circuit Court of Ripley County, Missouri. The motion to realign parties (#7) is denied.  The motion for leave to take the deposition of Lonnie Michael (#13) is denied.

Dated this 27th day of December, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE